1

2

3
FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2020

SEAN F. McAVOY, CLERK

4

5

# UNITED STATES DISTRICT COURT

6

## EASTERN DISTRICT OF WASHINGTON

7

| | |
|---|---|
| ANGELA B.,[1] | No. 4:20-cv-05007-MKD |
|         Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
|         Defendant. | ECF Nos. 15, 17 |

8

9

10

11

12

13      Before the Court are the parties' cross-motions for summary judgment. ECF

14  Nos. 15, 17.  The parties consented to proceed before a magistrate judge.  ECF No.

15  7.  The Court, having reviewed the administrative record and the parties' briefing,

16

17

[1] To protect the privacy of plaintiffs in social security cases, the undersigned

18  identifies them by only their first names and the initial of their last names.  *See*

19  LCivR 5.2(c).

20

-

ORDER - 1

1    is fully informed.  For the reasons discussed below, the Court grants Plaintiff's

2    motion, ECF No. 15, and denies Defendant's motion, ECF No. 17.

3                                    **JURISDICTION**

4         The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

5    1383(c)(3).

6                              **STANDARD OF REVIEW**

7         A district court's review of a final decision of the Commissioner of Social

8    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

9    limited; the Commissioner's decision will be disturbed "only if it is not supported

10   by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

11   1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

12   reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

13   (quotation and citation omitted).  Stated differently, substantial evidence equates to

14   "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

15   citation omitted).  In determining whether the standard has been satisfied, a

16   reviewing court must consider the entire record as a whole rather than searching

17   for supporting evidence in isolation. *Id.*

18        In reviewing a denial of benefits, a district court may not substitute its

19   judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

20   1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

ORDER - 2

1  rational interpretation, [the court] must uphold the ALJ's findings if they are

2  supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

3  F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

4  ALJ's decision on account of an error that is harmless." *Id.* An error is harmless

5  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

6  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's

7  decision generally bears the burden of establishing that it was harmed. *Shinseki v.*

8  *Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

10         A claimant must satisfy two conditions to be considered "disabled" within

11  the meaning of the Social Security Act. First, the claimant must be "unable to

12  engage in any substantial gainful activity by reason of any medically determinable

13  physical or mental impairment which can be expected to result in death or which

14  has lasted or can be expected to last for a continuous period of not less than twelve

15  months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's

16  impairment must be "of such severity that he is not only unable to do his previous

17  work[,] but cannot, considering his age, education, and work experience, engage in

18  any other kind of substantial gainful work which exists in the national economy."

19  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

20

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

1  education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

2  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

3  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

4  404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

5  work, analysis concludes with a finding that the claimant is disabled and is

6  therefore entitled to benefits.  *Id.*

7       The claimant bears the burden of proof at steps one through four above.

8  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

9  step five, the burden shifts to the Commissioner to establish that 1) the claimant is

10  capable of performing other work; and 2) such work "exists in significant numbers

11  in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

12  *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

13                              **ALJ'S FINDINGS**

14       On February 20, 2014, Plaintiff applied both for Title II disability insurance

15  benefits and Title XVI supplemental security income benefits alleging a disability

16  onset date of March 1, 2013.  Tr. 92, 226-38.  The applications were denied

17  initially and on reconsideration.  Tr. 150-57; Tr. 160-70.  Plaintiff appeared before

18  an administrative law judge (ALJ) on October 31, 2016.  Tr. 37-91.  On January

19  11, 2017, the ALJ denied Plaintiff's claim.  Tr. 15-36.  Plaintiff appealed the

20  denial, resulting in a stipulated remand.  Tr. 1315-31.  On September 9, 2019,

1  Plaintiff appeared before an ALJ for a remand hearing.  Tr. 1239-86.  On

2  September 26, 2019, the ALJ again denied Plaintiff's claim.  Tr. 1214-38.

3          At step one of the sequential evaluation process, the ALJ found Plaintiff,

4  who met the insured status requirements through December 31, 2016, has not

5  engaged in substantial gainful activity since March 1, 2013.  Tr. 1220.  At step

6  two, the ALJ found that Plaintiff has the following severe impairments:

7  degenerative disc disease/spondylosis, migraines, obesity, sleep disorder, and

8  anxiety.  *Id*.

9          At step three, the ALJ found Plaintiff does not have an impairment or

10 combination of impairments that meets or medically equals the severity of a listed

11 impairment.  Tr. 1221.  The ALJ then concluded that Plaintiff has the RFC to

12 perform light work with the following limitations:

> [Plaintiff] can occasionally balance, stoop, kneel, crouch, crawl, and
> climb ramps or stairs; she can never climb ladders, ropes, or scaffolds;
> she should avoid concentrated exposure to extreme cold, more than
> moderate exposure to industrial vibration and bright lights, and all
> exposure to hazards; she can understand, remember, and carry out
> simple, routine tasks; she can maintain concentration, persistence, or
> pace for up to two-hour intervals between standard scheduled breaks;
> she would require a predictable work environment with seldom
> changes and no judgment/decision-making or fast-paced production
> rate of pace; she should avoid all interaction with the public; and she
> could have only occasional, superficial interaction (i.e., non-
> collaborative, no teamwork) with co-workers.

20 Tr. 1224.

ORDER - 7

At step four, the ALJ found Plaintiff is unable to perform any past relevant work.  Tr. 1228.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as tagger, routine clerk, and cafeteria attendant.  Tr. 1229.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of March 1, 2013, through the date of the decision.  *Id.*

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ conducted a proper step-two analysis;

2.  Whether the ALJ properly evaluated the medical opinion evidence; and;

3.  Whether the ALJ properly evaluated Plaintiff's symptom claims.

ECF No. 15 at 2.

ORDER - 8

**DISCUSSION**

**A. Step-Two**

Plaintiff contends the ALJ erred at step two by failing to identify her post-traumatic stress disorder (PTSD) as a severe impairment.  ECF No. 15 at 5-8.  At step two of the sequential process, the ALJ must determine whether the claimant suffers from a "severe" impairment, i.e., one that significantly limits her physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  To establish a severe impairment, the claimant must first demonstrate the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. §§ 404.1521, 416.921.

An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work…."  SSR 85-28 at *3.  Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities; which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a

ORDER - 9

routine work setting.  20 C.F.R. § 404.1522(a); SSR 85-28.[2]

Step two is "a de minumus screening device [used] to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

On remand the ALJ was directed to consider the severity of Plaintiff's PTSD diagnosis, including considering Listing 12.15.  Tr. 1321, 1329.  Subsequently, the ALJ found the evidence in the medical records does not demonstrate Plaintiff's symptoms meet the criteria for a diagnosis of PTSD, and thus the impairment is not a medically determinable impairment.  Tr. 1220.  Alternatively, the ALJ found that even if PTSD is a medically determinable impairment, it is non-severe.  *Id.*  Beyond the bare assertion that PTSD is not a medically determinable impairment

---

[2] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in SSR 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).

and is non-severe, the ALJ did not set forth any analysis regarding how she determined PTSD is not a severe impairment.

Multiple acceptable medical sources diagnosed Plaintiff with PTSD, including Sarah Oslund, Ph.D, Tr. 1549, and CeCilia Cooper, Ph.D., Tr. 722.  As noted by the ALJ, the diagnostic criteria for PTSD is comparable to the A criteria under Listing 12.15.  Tr. 1220.  Listing 12.15(A) requires all of the following: 1) exposure to actual or threatened death, serious injury, or violence; 2) subsequent involuntary re-experiencing of the traumatic event; 3) avoidance of external reminders of the event; 4) disturbance in mood and behavior; and 5) increases in arousal and reactivity.  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.15(A).  Plaintiff has set forth a reasonable argument that she meets all five of the criteria.  ECF No. 15 at 6 (citing Tr. 329-31, 342, 497, 502-02, 618, 627, 708, 749, 1519, 1549, 1663, 1887, 2594, 2876, 2884, 2895).  Plaintiff has experienced and witnessed physical and sexual abuse, domestic violence, and other traumatic events.  Tr. 330.  She has continued to suffer from nightmares and flashbacks.  Tr. 1519, 1663, 2594. Treatment records explicitly state Plaintiff has avoidance behaviors.  Tr. 749, 1549. Records also demonstrate Plaintiff has had behavioral and mood disturbances, as well as an increased startle response and hypervigilance.  Tr. 502, 618, 627, 342, 1549, 2884, 2895.

ORDER - 11

1    Defendant argues any error in finding Plaintiff's PTSD non-severe was

2    harmless.  ECF No. 17 at 8-10.  However, Plaintiff argues the error was harmful

3    because the ALJ's step two finding impacted the later steps in the analysis,

4    including the ALJ's consideration of the opinion evidence, as the ALJ rejected Ms.

5    Pingel's opinion in part because Ms. Pingel considered Plaintiff's PTSD, which the

6    ALJ found is not a severe impairment.  ECF No. 15 at 8; Tr. 1225.  Defendant does

7    not address this argument.

8    Without the ALJ offering more than her stated conclusion, the Court is

9    unable to meaningfully review whether the ALJ's finding that Plaintiff's PTSD is

10   not a severe medically determinable impairment is supported by the evidence.  *See*

11   *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to

12   build an accurate and logical bridge from the evidence to her conclusions so that

13   we may afford the claimant meaningful review of the SSA's ultimate findings.").

14   Further, the ALJ appears to have drawn her own conclusion based on her own

15   understanding of the diagnostic criteria instead of the medical opinions from

16   providers who diagnosed Plaintiff with PTSD.  *See* Tr. 1220; *see also Ming v.*

17   *Comm'r of Soc. Sec.*, No. 14-cv-14643, 2015 WL 8135807, at *2 (E.D. Mich. Dec.

18   8, 2015) ("Essentially the ALJ took upon the task of reviewing Plaintiff's

19   symptoms and deciding whether to credit or discount specific opinion[s] made by

20   the treating physician based on the DSM.  In effect the ALJ's 'findings constitute a

medical judgment the ALJ was not qualified to make.'"); *Maria R. v. Berryhill*, No. 1:17-cv-279, 2018 WL 4204434, at *14 (W.D.N.Y. Sept. 4, 2018) (ALJ's analysis was legally erroneous when the ALJ compared the clinical symptoms in the providers' notes with the symptoms listed in the DSM and concluded Plaintiff's depressive disorder was not consistent with the criteria from the DSM).

Given its impact on later steps, the Court finds the ALJ harmfully erred in failing to analyze the evidence of Plaintiff's PTSD. On remand, the ALJ is instructed to reconsider whether Plaintiff's PTSD is a severe medically determinable impairment; if the ALJ again finds PTSD is not a severe medically determinable impairment, the ALJ is instructed to provide a meaningful step-two analysis. If the ALJ finds PTSD is a severe medically determinable impairment, the ALJ is instructed to consider if Plaintiff's impairments meet or equal Listing 12.15. The ALJ is further instructed to call a psychological expert to assist with determining Plaintiff's severe impairments, if she meets or equals a listing, and what limitations her impairments cause.

ORDER - 13

**B. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in evaluating the opinions of Carolyn Pingel, NP, Maria Castillo, ARNP, Jason Wright, D.O., and CeCilia Cooper, Ph.D. ECF No. 15 at 13-21.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported

ORDER - 14

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

### 1. Ms. Pingel

Ms. Pingel, a treating nurse practitioner, provided an opinion on Plaintiff's functioning on August 2, 2013. Tr. 500-05. Ms. Pingel diagnosed Plaintiff with PTSD, generalized anxiety disorder, panic disorder without agoraphobia. Tr. 501. Ms. Pingel opined Plaintiff was unable to work due to mood instability and medication adjustments, and she could not seek work due to her anxiety and lack of trust of others. Tr. 503, 505. The ALJ gave Ms. Pingel's opinion little weight. Tr. 1225. As Ms. Pingel is not an acceptable medical source, the ALJ was required to give germane reasons to reject the opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

First, the ALJ found Ms. Pingel's opinion is not supported by objective evidence. Tr. 1225. Relevant factors when evaluating a medical opinion include

ORDER - 15

the amount of relevant evidence that supports the opinion and the consistency of

the medical opinion with the record as a whole.  *Lingenfelter v. Astrue*, 504 F.3d

1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  The

ALJ noted Ms. Pingel diagnosed Plaintiff with PTSD, but found the diagnosis is

not supported by the evidence.  Tr. 1225.  As discussed *supra*, the ALJ erred in her

analysis of Plaintiff's PTSD.  While the ALJ offered an analysis of the evidence of

improvement, given the ALJ's error in her analysis of Plaintiff's PTSD, the Court

finds this was not a germane reason to reject the opinion.

Second, the ALJ found Ms. Pingel did not provide an opinion as to the

length of time Plaintiff would be unable to work.  Tr. 1225.  The length of time to

which a limitation applies is a relevant consideration, as temporary limitations are

not enough to meet the durational requirement for a finding of disability.  20

C.F.R. §§ 416.905(a), 404.1505(a) (requiring a claimant's impairment to be

expected to last for a continuous period of not less than twelve months); 42 U.S.C.

§ 423(d)(1)(A) (same); *Carmickle v. Commr's of Soc. Sec. Admin.*, 533 F.3d 1155,

1165 (9th Cir. 2008) (affirming the ALJ's finding that treating physicians' short-

term excuse from work was not indicative of "claimant's long-term functioning").

However, nowhere in the source statement nor in the treatment records, did Ms.

Pingel suggest the limitation would last less than 12 months.  Ms. Pingel found

Plaintiff has generalized anxiety disorder and PTSD, and summarized Plaintiff's

ORDER - 16

trauma history which began when Plaintiff served in the military years prior.  Tr.

504.  Ms. Pingel started Plaintiff on new medications and stated the plan of care

will be renewed annually, or more often if indicated.  *Id.*  These notes, written at

the same appointment during which Ms. Pingel rendered her opinion, do not

support the ALJ's determination that Ms. Pingel's opinion would not meet the

duration requirement.  While the ALJ pointed to the conflicting opinion of Dr.

Cooper, which was rendered less than a year after Ms. Pingel's opinion, the ALJ

did not provide an analysis as to why Dr. Cooper's opinion should be afforded

more weight than Ms. Pingel's opinion.  Tr. 1225.  Without more analysis as to

why Ms. Pingel's opinion was rejected due to not meeting the duration

requirement, when no duration was specified but Ms. Pingel's records indicate

long-term symptoms, the Court cannot sustain the ALJ's finding.  *See Cervantez v.*

*Comm'r of Soc. Sec. Admin.*, 262 F. Supp. 3d 921, 930 (D. Ariz. 2017).  As such,

this was not a germane reason to reject Ms. Pingel's opinion.

Third, the ALJ found Ms. Pingel's opinion that Plaintiff cannot work was

inconsistent with the opinions of Ms. Inglin and Dr. Cooper.  Tr. 1225.  An ALJ

may choose to give more weight to an opinion that is more consistent with the

evidence in the record.  20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("[T]he more

consistent a medical opinion is with the record as a whole, the more weight we will

give to that medical opinion."); *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.

1996).  Relevant factors when evaluating a medical opinion include the amount of

relevant evidence that supports the opinion, the quality of the explanation provided

in the opinion, and the consistency of the medical opinion with the record as a

whole.  *Lingenfelter*, 504 F.3d at 1042; *Orn*, 495 F.3d at 631; 20 C.F.R. §§

416.927(c)(6), 404.1527(c)(6) (assessing the extent to which a medical source is

"familiar with the other information in [the claimant's] case record").  However,

Ms. Inglin addressed only Plaintiff's physical functioning and not her mental

functioning, and therefore the opinions are not inconsistent.  Tr. 962-64.  Dr.

Cooper did not explicitly state whether she believed Plaintiff could work or not;

she gave opinions regarding specific areas of functioning, including an opinion

Plaintiff would require up to a "moderate level of supervision," would have some

problems with supervisors and coworkers, and would need reminders and possible

help to keep her surroundings in good order.  Tr. 723.  Dr. Cooper's opinion is not

clearly inconsistent with Ms. Pingel's opinion.  This was not a germane reason to

reject Ms. Pingel's opinion.

On remand, the ALJ is instructed to reconsider Ms. Pingel's opinion and

incorporate it into the RFC or give germane reasons to reject the opinion.

2.  *Other Medical Opinions*

Plaintiff also challenges the ALJ's consideration of the opinions of Ms.

Castillo, Dr. Wright, and Dr. Cooper.  ECF No. 15 at 13-21.  As the case is being

ORDER - 18

remanded to reconsider the ALJ's step two analysis, Ms. Pingel's opinion, and Plaintiff's symptom claims as discussed *infra,* the ALJ is also instructed to reconsider the other medical opinions.  For the purposes of the remand, the Court notes that while Dr. Cooper opined Plaintiff would have problems with supervisors and coworkers, the ALJ only included limitations regarding coworkers in the RFC and did not give a reason to reject the limitations regarding supervisors.  Tr. 1226. While Defendant argues the ALJ rejected the limitation because the opinion contained inconsistent statements about Plaintiff's ability to work with supervisors, but the ALJ did not make any finding the opinion is internally inconsistent.  ECF No. 17 at 19; Tr. 1226.  On remand, the ALJ is instructed to incorporate the opinion into the RFC or give germane reasons to reject Ms. Castillo's opinion, and specific and legitimate reasons to reject Dr. Cooper's opinion.

## C. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims.  ECF No. 15 at 8-13.  An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

ORDER - 19

"The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim*, 763 F.3d at 1163 (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

an individual's record," to "determine how symptoms limit ability to perform

work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the evidence.  Tr.  1225.

The ALJ's evaluation of Plaintiff's symptom claims and the resulting

limitations relies heavily on the ALJ's assessment of the medical evidence.

Having determined a remand is necessary to readdress the medical source

opinions, any reevaluation must necessarily entail a reassessment of Plaintiff's

subjective symptom claims.  Thus, the Court need not reach this issue and on

remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the

context of the entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir.

2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

The Court notes that while the ALJ found Plaintiff's statements are not entirely consistent with the record, the ALJ did not provide an analysis of Plaintiff's statements that allows for meaningful review.  Tr. 1225; *see Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (the ALJ must "build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings"); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (requiring the ALJ to identify the evidence supporting the found conflict to permit the Court to meaningfully review the ALJ's finding); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than state conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors' [opinions] are correct.").  While Defendant argues the ALJ found Plaintiff's statements are inconsistent with Plaintiff's activities, ECF No. 17 at 12, Defendant references the ALJ's findings regarding the B criteria, Tr. 1222, and the ALJ's analysis of the medical opinion evidence, Tr. 1227.  There is no tie between the ALJ's analyses and Plaintiff's statements.  Similarly, while Defendant argues the ALJ found Plaintiff's statements inconsistent with her improvement with treatment, ECF No. 17 at 11-12, Defendant references the

ALJ's analysis of medical opinions which does not include any analysis of

Plaintiff's statements in relation to the improvement with treatment, Tr. 1225,

1227.  The ALJ's only clear findings indicate Plaintiff's complaints are

inconsistent with her back pain and migraines being pre-existing conditions, as the

evidence does not demonstrate any significant worsening after she stopped

working.  Tr. 1226.  On remand, the ALJ is instructed to reconsider Plaintiff's

symptom complaints and incorporate the reported limitations into the RFC or give

clear and convincing reasons, supported by substantial evidence, and explained in a

way that allows for meaningful review, to reject Plaintiff's symptom claims.

**D. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits.

ECF No. 15 at 2.

"The decision whether to remand a case for additional evidence, or simply to

award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d

1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

When the Court reverses an ALJ's decision for error, the Court "ordinarily must

remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041,

1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

proper course, except in rare circumstances, is to remand to the agency for

additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

ORDER - 23

775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security

cases, the Ninth Circuit has "stated or implied that it would be an abuse of

discretion for a district court not to remand for an award of benefits" when three

conditions are met.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)

(citations omitted).  Under the credit-as-true rule, where (1) the record has been

fully developed and further administrative proceedings would serve no useful

purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting

evidence, whether claimant testimony or medical opinion; and (3) if the improperly

discredited evidence were credited as true, the ALJ would be required to find the

claimant disabled on remand, the Court will remand for an award of benefits.

*Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three

prongs have been satisfied, the Court will not remand for immediate payment of

benefits if "the record as a whole creates serious doubt that a claimant is, in fact,

disabled."  *Garrison*, 759 F.3d at 1021.

The Court finds further proceedings are necessary to resolve conflicts in the

evidence and to take expert testimony.  As such, the case is remanded for further

proceedings consistent with this Order.

ORDER - 24

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED August 24, 2020.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 25